UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EARNEST C. SELF, JOSEPH P. MAINS, JERRY W. WEBB, JR., TIMOTHY H. STANTON, GARY L. ROBINSON, BOB MOREFIELD, and RICHIE PHILLIPPI | ) ) ) ) ) ) | |
| v. | ) ) | NO. 2:04-CV-108 |
| JOHNSON COUNTY JAIL, ROGER GENTRY, KATHY TERRILL, and ROBIN McELYEA | ) ) ) ) | |

## MEMORANDUM and ORDER

This is a *pro se* civil rights action for damages brought under 42 U.S.C. § 1983 by seven prisoners. On July 8, 2005, the Clerk mailed copies of a memorandum and order entered in this cause to each plaintiff at the last address he provided to the Court. On July 15, 2005, the United States Postal Service returned the documents mailed to plaintiffs Richie Phillipi, Gary L. Robinson, Jerry W. Webb, Bobby Morefield, Earnest C. Self, with the face of the envelope marked, "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD, RETURN TO SENDER." On July 28, 2005, the United States Postal Service returned the documents mailed to plaintiff Timothy Stanton, with the face of the envelope

similarly marked. This is important because the plaintiffs were notified that each was responsible for informing the Court immediately of any address changes and forewarned that any failure to provide his correct address within ten days of any change of address would result in the dismissal of his case. (Doc. 3, Compl. at ¶ 5.) Obviously, the plaintiffs have failed to heed the warning and have left the Court with no means to contact them.

Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiffs Phillipi, Robinson, Webb, Morefield, Self and Stanton are **DISMISSED** as parties and all of their claims are likewise **DISMISSED** for want of prosecution. This leaves only plaintiff Joseph P. Mains, who has submitted the entire $150.00 civil filing fee.

The allegations made in the complaint and handwritten attachment, labeled "Time Table of Events," are as follows. In mid-afternoon of March 20, 2004, some fifteen inmates in D-Pod at Johnson County Jail were escorted outdoors for a two-hour recreation period. After being escorted back inside, they learned that another D-Pod inmate had escaped during or after the recreation period. That evening, all inmates on that unit were placed in segregated confinement, and the next day, twelve of them were informed that they would remain in such confinement for failing to alert the jail authorities that an escape was in progress.

Later, those same twelve inmates were given Disciplinary Reports charging them with Conspiracy to Escape, Damage to Property, Tampering with Locks or Security Items, Falsifying Physical Evidence and Lying or Deception; were placed in punitive segregation for twenty days; and were stripped of all privileges, including visitation, telephone access, and razors. Their requests to be afforded proper disciplinary procedures and to be supplied with grievance forms were denied. The plaintiff, one of the twelve inmates who was placed in punitive segregation, claims that he did not assist in the escape; that he was falsely charged with those rule infractions; and that he was never questioned about the escape prior to being written-up and punished for his alleged role in the escape.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown*, 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the Johnson

3

County Jail has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because he has "been denied the grievance procedure." (Presumably, "the grievance procedure" is the plaintiff's linguistic expression for "a grievance.")

The plaintiff, however, does not identify the person who denied his request to file a grievance, nor allege the date of his request, nor any of the circumstances surrounding the request. Nor does he contend that he made an attempt to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). General allegations that the plaintiff was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Regardless of whether § 1997e's requirements have been met, a prisoner's allegations which fail to state a claim in the first place may be dismissed without having been administratively exhausted. *Brown*, 139 F.3d at 1104. This is the situation here. The plaintiff has no liberty interest in remaining in the general population and free of disciplinary or administrative segregation, since such segregation does not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997). The twenty days he

4

spent in punitive segregation and the attendant denial of privileges during the interim did not inflict an atypical and significant hardship on the plaintiff in comparison with the typical conditions in a jail. Hence, though the complaint might be dismissed for failure to exhaust administrative remedies, it will be dismissed, instead, for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A (authorizing a court to dismiss a prisoner's civil action seeking relief from a governmental officer or employee, where the complaint fails to state a claim).

        A separate order will enter.

        ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                          SENIOR U. S. DISTRICT JUDGE